DIXON F. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 6121-79.
United States Tax Court
T.C. Memo 1980-550; 1980 Tax Ct. Memo LEXIS 35; 41 T.C.M. (CCH) 528; T.C.M. (RIA) 80550; December 11, 1980
Dixon F. Miller, pro se. Rose A. Mendes, for the respondent. DAWSON
*36 MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1976 in the amount of $ 252.71. The only issue for decision is whether petitioner is entitled to a deduction for a casualty loss, under section 165(c)(3), where he failed to file a claim under an insurance policy covering the loss. All of the facts in this case were stipulated. The facts stated in the stipulation, *37 together with the exhibits attached thereto, are incorporated herein by this reference. The case was submitted for decision under Rule 122 of the Court's Rules of Practice and Procedure. FINDINGS OF FACT Petitioner filed a timely Federal individual income tax return for the year 1976. At the time the petition herein was filed, he resided in Columbus, Ohio. In June 1976, a friend of petitioner, while operating petitioner's 1970 Pearson Sloop (hereinafter referred to as the boat) with his permission, ran it aground. This accident resulted in damage to petitioner's boat in the amount of $ 842.55. Although petitioner had an insurance policy that covered this casualty loss, he did not file a claim with his insurance company (herein-after referred to as the company), because he believed that, if he did submit a claim, the company would cancel not only the policy covering his boat but, also, policies covering his apartment and his personal automobile. The stipulation indicates that, prior to December 1974, petitioner purchased his insurance policies and made claims thereon at the following times: Type of
Policy
Purchased
Claims Filed
Personal automobile
1969
November 1969
January 1970
December 1973
Boat
September 1972
None
Apartment
Sometime prior
February 1974
To February 1974
*38 In December 1974, petitioner's insurance brokers notified him that they had received instructions from the company to terminate all of petitioner's insurance policies on their next renewal dates. They told petitioner that they would do their best to obtain policies with another company for him, but that he could expect to pay higher premiums. Petitioner requested that the brokers try to persuade the company to allow him to retain his then existing policies. The brokers convinced the company to permit petitioner to keep those policies, but the company imposed higher deductible provisions. The deductible provision on his boat policy was increased to $ 250. The brokers advised petitioner that, unless there was a catastrophic loss or a loss involving an undetermined potential liability, it would not be advisable for him to file any claims and that, "if he soon presented any further claims on the policies," they would be canceled. Petitioner, rather than risking the loss of all his insurance coverage, decided to recover as much as possible from the friend who had been operating the boat and not to file a claim with the company. He was unable to obtain more than $ 200 from his *39 friend. This reduced his actual loss to $ 642.50. After giving effect to the $ 100 limitation contained in section 165(c)(3), petitioner claimed a deduction in the amount of $ 542.55 for this casualty loss, on his tax return for 1976. Respondent determined that this deduction is not allowable because petitioner did not seek reimbursement from his insurance company. OPINION Section 165(a) provides that a deduction shall be allowed for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." In dispute, in the instant case, is the meaning of the term "compensated for." Respondent contends that it means "covered by." Petitioner, on the other hand, asserts that, although there was insurance money available for him, he was not compensated thereby because he did not receive it. Alternatively, petitioner argues that, even if it is decided that "compensated for" does mean "covered by," his loss was not compensated for because his failure to seek reimbursement was not attributable to a voluntary but a forced choice, since he had no practicable alternative. To support his assertion that "compensated for" does not mean "covered by," petitioner *40 contends: (1) That the everyday meaning of "compensated for" is not "covered by;" (2) that respondent's regulations refer to "any loss * * * not made good by insurance or some other form of compensation" [3] and "proper adjustment * * * for any insurance or other compensation received;" [4] and (3) that the Congress intended to tax only the aggregate accretion to a taxpayer's net worth and there has been none to his, since he did not accept the insurance proceeds. Petitioner cites Axelrod v. Commissioner, 56 T.C. 248, 259-260 (1971) (Fay, J. concurring), in support of the proposition that where a taxpayer chooses for practical reasons to forego the benefit of his insurance coverage, the availability of insurance coverage should not result in the disallowance of the casualty loss deduction. Judge Quealy, also concurring in that case, took the position that a taxpayer who chooses to forego the filing of an insurance claim, out of a fear that it will result in the cancellation of his policy, is not entitled *41 to a casealty loss deduction, because he did not have a loss that was "not compensated for by insurance." [5] In his opinion, Judge Quealy relied heavily upon the case of Kentucky Utilities Co. v. Glenn,394 F.2d 631 (6th Cir. 1968). In Kentucky Utilities Co. v. Glenn, supra, Kentucky Utilities Co., as a result of damage in the amount of $ 150,000 to its turbo generator, claimed that it was entitled to a deduction in the amount of $ 44,486.67, under the predecessor of section 165. [6] Lloyds of London, with whom Kentucky Utilities Co. had insured the generator for $ 200,000 subject to a $ 10,000 deductible provision, agreed that the insurance covered the loss but insisted upon enforcing its right of subrogation against Westinghouse, the supplier of the generator. Westinghouse claimed it was not liable for the loss sustained. Finally, Westinghouse paid $ 65,550.93, Lloyds paid $ 37,500 and relinquished its right of subrogation, and Kentucky Utilities agreed to *42 pay the remaining $ 44,486.67 for repairs. It was found as a fact that Kentucky Utilities Co. did not want any litigation brought against Westinghouse, for business reasons, and did not want Lloyds to bear all of the loss because it anticipated possible difficulty in retaining its insurance with that company under such circumstances. The Court of Appeals held that the deduction claimed for the loss, to the extent that it exceeded the $ 10,000 deductible provision, was properly disallowed because that portion of the loss was not an "uninsured loss" and, thus, was not deductible under the statute. [7]
Under the rule announced by the court in Kentucky Utilities Co. v. Glenn, supra, the petitioner here is not entitled to a casualty loss deduction for the part of his loss that was covered by insurance, *43 since this loss was not an uninsured one. That case was decided by the Court of Appeals for the Sixth Circuit, to which an appeal from the decision in this case would lie. It is squarely in point; therefore, we are bound by that decision in the instant case. Golsen v. Commissioner, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), cert, denied 404 U.S. 940 (1971). At the time of the accident, however, petitioner's insurance policy on his boat contained a $ 250 deductible provision. Petitioner can deduct that part of the loss, in excess of the $ 100 statutory limitation, which would not have been compensated for by insurance even upon proper application therefor. Bartlett v. United States, 397 F.Supp. 216 (D. Md. 1975). Since petitioner's insurance would not have covered the first $ 250 of damages, he is entitled to a $ 150 deduction for the casualty loss, under section 165(c)(3). Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Sec. 1.165-1(a), Income Tax Regs.↩ (Emphasis added by petitioner). 4. Sec. 1.165-1(c)(4), Income Tax Regs.↩ (emphasis added by respondent).
5. The opinion adopted by the Court does not deal with this question, finding instead that the taxpayer's loss was not so unusual or so unexpected as to constitute a casualty loss.↩
6. Section 23(f) of the Internal Revenue Code of 1939↩ provided that a deduction would be allowed in the case of a corporation for "losses sustained during the taxable year and not compensated for by insurance or otherwise." 7. This Court subsequently reached the same conclusion in Morgan v. Commissioner, T.C. Memo. 1978-116↩.